## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

ANTHONY ARMSTRONG                                              PETITIONER

v.                                                      No. 4:15CV100-MPM-SAA

B.C.R.C.F.                                                     RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Anthony Armstrong for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition; Armstrong has not responded, and the deadline to do so has expired. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Anthony Armstrong is currently in the custody of the Mississippi Department of Corrections and is housed at the East Mississippi Correctional Facility. Armstrong filed his federal habeas action pursuant to 28 U.S.C. § 2241 as a pretrial detainee. The sole issue raised by Armstrong in the instant petition is a claim under Mississippi Code Ann. § 99-17-1 that he has not been tried within 270 days of his arraignment.[1] Armstrong states in his prayer for relief that his "due process rights" have been violated because the "statute of limitations was in fact violated by the Bolivar County Courts." ECF Doc. 1, p. 8. Armstrong later provided documentation showing that he was indicted on April 24, 2015, ECF Doc. 9, pp. 3-4, which counsel for the State confirmed with the Bolivar County Circuit Court Clerk's Office. The Grand Jury returned an indictment against Armstrong for one count of aggravated assault and one count of being a felon in possession of a firearm. Bolivar County Circuit

---

[1] At the time he filed his petition on August 3, 2015, Armstrong stated that he had been in custody for a period of 402 days without any action by the State. ECF Doc. 1.

Court Cause No. 2015-002-CR1. The docket in that case reflects that Armstrong waived his arraignment on August 27, 2015. In addition, the docket show that the parties exchanged discover, and subpoenas issued for witnesses to appear on October 5, 2015, for trial. *Id.* Armstrong was later convicted on both counts and is serving a 12-year sentence with the Mississippi Department of Corrections.

At the time of filing, Armstrong had not yet been convicted and sentenced, making him an inmate of the county, not the State. As such, the court filed the petition under 28 U.S.C. § 2241. A pre-trial detainee has a right to seek federal *habeas corpus* relief. *Braden v. 30ᵗʰ Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89, 93 S.Ct. 1123 (1973). However, "federal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. Indeed, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. There is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d at 1280, 1283 (5ᵗʰ Cir. 1976).

Generally, a prisoner who seeking pretrial *habeas corpus* relief requests two forms of relief:

> to dismiss an indictment or otherwise prevent a prosecution . . . or to force the state to go to trial . . . . ***While the former objective is normally not attainable through federal habeas corpus***, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a petition for a writ of *habeas corpus* for pretrial relief from a state court only when the accused does not seek dismissal of

the state court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La. 1988). If a prisoner is attempting to prevent the prosecution of his case through *habeas corpus* relief, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489.

## Discussion

At this point, Mr. Armstrong has faced trial and stands convicted of aggravated assault and being a felon in possession of a firearm. Thus, he may no longer prevent the prosecution of his case; and the State has taken the case to conclusion. As such, his request for relief under 28 U.S.C. § 2241 has become moot. Now that he has been convicted, Mr. Armstrong may pursue appellate and post-conviction collateral relief in state court, and, if unsuccessful, seek federal *habeas corpus* relief under 28 U.S.C. § 2254. To the extent that he would like for the court to consider the instant petition as one challenging his conviction under 28 U.S.C. § 2254, it is premature, and it must be dismissed for failure to exhaust available state court remedies. *See* 28 U.S.C. §2254(b) and (c)*; Rose v. Lundy*, 455 U.S. 509 (1982); *Duckworth v. Serrano*, 454 U.S. 1 (1981).

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of April, 2016.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**